**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000975**
**14-MAR-2024**
**08:01 AM**
**Dkt. 72 SO**

NO. CAAP-18-0000975

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
GLENN DEL ROSARIO, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 2CPC-17-0000932(4))


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Nakasone and McCullen, JJ.)

Defendant-Appellant Glenn Del Rosario (**Del Rosario**) appeals from the Judgment; Conviction and Probation Sentence; Terms and Conditions of Probation; Notice of Entry (**Judgment**) entered on December 4, 2018, in the Circuit Court of the Second Circuit (**Circuit Court**).[1]

Del Rosario was charged with one count of Reckless Endangering in the First Degree in violation of Hawaii Revised Statutes (**HRS**) § 707-713(1) (2014).[2]  The jury found Del Rosario

---

[1]    The Honorable Richard T. Bissen, Jr. presided.

[2]    A second charge was dismissed with prejudice.

guilty of the lesser included offense of Reckless Endangering in the Second Degree in violation of HRS § 707-714 (2014).

Del Rosario raises three points of error on appeal, contending that: (1) the prosecutor committed prosecutorial misconduct in the rebuttal closing argument; (2) the Circuit Court abused its discretion when it considered Del Rosario's maintenance of innocence as a factor in sentencing; and (3) there was insufficient evidence to support the conviction.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Del Rosario's points of error as follows:

(1) Del Rosario argues that the State committed prosecutorial misconduct in the rebuttal argument. First, Del Rosario contends that the State misled the jury by arguing that because Del Rosario applied for several hunting permits from Pūlama Lānaʻi between 2009 (when he registered a 22-250 Remington rifle) and 2017 (when he obtained a hunting permit for a shotgun), the jury could infer that he still possessed the rifle allegedly used at the incident. Second, Del Rosario argues that the State improperly shifted the burden of the proof to Del Rosario by arguing that there was no evidence he had gotten rid of the gun. Del Rosario points to the following:

> And that's what this comes down to. Does he have the means? . . . . And, you know, up until at least August 3rd of 2017, based on the invoice, he's been hunting. He's been hunting for years. So you can make the reasonable inference that he still has that gun. There's no evidence that he got rid of the gun. Of course he's got the gun. He's been hunting for years. And he wants to continue to hunt.

Because Del Rosario concedes that he did not object to these comments, we review for plain error. See State v. Udo, 145 Hawaiʻi 519, 534, 454 P.3d 460, 475 (2019).

First, we conclude that the State did not mislead the jury because the record reflects that no gun was admitted into evidence and there was no testimony or other evidence specifically identifying the gun used during the incident. The testimony reflects that Del Rosario purchased "a lot" of hunting permits prior to August 2017. The State, like the prosecution in State v. Austin, commented on the state of the evidence and asked the jury to draw a reasonable inference from the multiple hunting permits purchased by Del Rosario, *i.e.*, that Del Rosario had been hunting frequently prior to August 2017. 143 Hawaiʻi 18, 49, 422 P.3d 18, 49 (2018).

Second, Del Rosario argues that the State improperly commented on his rights to remain silent and to be presumed innocent when it stated "[t]here's no evidence that [Del Rosario] got rid of the gun." Del Rosario asserts that the State's comment could only be construed as implying that Del Rosario should have testified or produced other evidence to prove that he "disposed of the rifle." The State argues that its comments were made during rebuttal and in response to Del Rosario's closing arguments, and that the State was allowed to respond that the evidence and/or a reasonable inference from the evidence showed Del Rosario still possessed the rifle.

Del Rosario's attorney made the following argument during closing:

[DEFENSE COUNSEL]  The government has not made its case in the first one.  Element number one; that [on] or about August 21st of last year, County of Maui, State of Hawaii the defendant fired a firearm.  You can stop right there.  Where is the proof of a firearm?  No gun.  It hasn't been presented.  We haven't seen a photograph.  What do we have?  We have a permit.  We have a permit to acquire that is almost a decade old.

When you go into that jury room you'll see that permit was in 2009.  Does that mean he still has it?  Does that mean that he had it that day?  Does that mean that he used it unlawfully to shoot a deer?  Absolutely not.  They have not made that connection, folks.

. . . .

[DEFENSE COUNSEL] All we ask you to do is follow the law.  Because with only [Jayson Medeiros (**Medeiros**)], and only his contradictions and his inability to give us a precise story on what happened, without the casing, without a gun, there can only be one result.  On that verdict form you must find Mr. Del Rosario not guilty.  Thank you.

In rebuttal, the State argued:

[PROSECUTOR] ... Does he have the means?  Does he have the opportunity?  Does he have the motive?  And, you know, up until at least August 3rd of 2017, based on the invoice, he's been hunting.  He's been hunting for years.  So you can make the reasonable inference that he still has that gun.  There's no evidence that he got rid of the gun.  Of course he's got the gun.  He's been hunting for years.  And he wants to continue to hunt.

The prosecutor's rebuttal arguments, in context of the defense's arguments, do not shift the burden to Del Rosario to show that he disposed of the rifle.  During its rebuttal, the State had wide latitude to discuss the evidence and argue reasonable inferences therefrom in response to the defendants arguments.  See State v. Acker, 133 Hawaiʻi 253, 280, 327 P.3d 931, 958 (2014).  The State's comments were in response to Del Rosario's argument regarding the lack of proof of a firearm by pointing out the evidence, albeit circumstantial, that Del Rosario had a gun.  See State v. Clark, 83 Hawaiʻi 289, 305-06, 926 P.2d 194, 210-11 (1996).  Thus, we conclude that Del

Rosario's prosecutorial misconduct claims do not warrant relief from the jury's verdict.

(2)  Del Rosario argues that there was insufficient evidence to support one of the three alternative theories of Reckless Endangering in the Second Degree in violation of HRS § 707-714(b) (2014), *i.e.*, that Del Rosario intentionally discharged a firearm into a populated area.  The State argues that there was no reasonable possibility the jury convicted Del Rosario for intentionally discharging a firearm into a populated area, and even if there was, there was substantial evidence to support the conviction.

In alternative means cases, unanimity is not required "as to the means by which the crime is committed so long as substantial evidence supports each alternative means."  State v. Rabago, 103 Hawaiʻi 236, 251, 81 P.3d 1151, 1166 (2003) (citation omitted).  As to the sufficiency of the evidence in these cases, unanimity is not required "where alternative means of establishing an element of an offense are submitted to the jury, *provided that* there is no reasonable possibility that the jury's verdict was based on an alternative unsupported by sufficient evidence."  State v. Jones, 96 Hawaiʻi 161, 181, 29 P.3d 351, 371 (2001).  We review sufficiency of the evidence here in the strongest light for the prosecution.  State v. Jones, 148 Hawaiʻi 152, 166, 468 P.3d 166, 180 (2020).

HRS § 707-714(1)(b) provides:

> **§ 707-714  Reckless endangering in the second degree.**  (1)  A person commits the offense of reckless endangering in the second degree if the person:
>    . . . .

(b)    Intentionally discharges a firearm in a populated area, in a residential area, or within the boundaries or in the direction of any road, street, or highway; provided that the provisions of this paragraph shall not apply to any person who discharges a firearm upon a target range for the purpose of the target shooting done in compliance with all laws and regulations applicable thereto.

The legislative history of HRS § 707-714 states: "Your Committee finds that a person who intentionally discharges a firearm in areas <u>likely to be traveled or inhabited by other people</u> creates an obvious risk of harm to the public and should be subject to misdemeanor liability." Sen. Stand. Comm. Rep. No. 3060, in 1990 Senate Journal, at 1244 (emphasis added); <u>see</u> <u>also</u> <u>State v. Martins</u>, 106 Hawaiʻi 62, 101 P.3d 671 (App. 2004), <u>rev'd on other grounds</u>, 106 Hawaiʻi 136, 102 P.3d 1034 (2004) (holding that the jury could have found the area was populated when testimony reflected that four to five cars frequented the area and people were often seen on motorcycles or dirt bikes in the area).

The testimony here reflects that people likely traveled the area in which the incident occurred, *inter alia*, Medeiros testified that he encountered poachers a lot at Pūlama Lānaʻi and many cars stop on Manele Road and Alec Pascua, a game management manager at the time of the incident, testified that the area in which the incident occurred had problems with poaching and was a popular area for hunting, stating that its nickname was "Forbidden Lands or the zoo" due to its "abundance of animals and trophy animals." We conclude that there was substantial evidence to support the alternative that Del Rosario intentionally

discharged a firearm into a populated area.  See Jones, 96 Hawaiʻi at 181, 29 P.3d at 371.

(3)  Del Rosario argues that the Circuit Court erroneously considered his maintenance of innocence during sentencing.  The supreme court has held "that 'a sentencing court may not impose an enhanced sentence based on a defendant's refusal to admit guilt with respect to an offense the conviction of which he intends to appeal.'"  State v. Barrios, 139 Hawaiʻi 321, 338, 389 P.3d 916, 933 (2016) (quoting State v. Kamanaʻo, 103 Hawaiʻi 315, 316, 82 P.3d 401, 402 (2003)).  In Kamanaʻo, where this issue was "one of first impression in this jurisdiction," 103 Hawaiʻi at 320, 82 P.3d at 406, the supreme court adopted a "three-factor analysis" first employed by the Michigan Supreme Court.  Id. at 323, 82 P.3d at 409; see People v. Wesley, 411 N.W.2d 159, 162 (Mich. 1987).

The three factors are:  "(1) the defendant's maintenance of innocence after conviction, (2) the judge's attempt to get the defendant to admit guilt, and (3) the appearance that, had the defendant affirmatively admitted guilt, his sentence would not have been so severe."  Kamanaʻo, 103 Hawaiʻi at 323, 82 P.3d at 409.  Here, Del Rosario maintained his innocence during sentencing, the Circuit Court commented throughout sentencing about how Del Rosario never showed remorse or took responsibility for his actions, the court asked Del Rosario multiple times if there was anything else he would like to say, and told Del Rosario to "think carefully" about what he wanted to say.  The Circuit Court closed its remarks with:

"again, I understand you're claiming innocence, notwithstanding the contradiction of all the evidence that was put in. And so for that reason the Court is going to impose sentence. I believe that jail time is warranted in this case." It appears from the Circuit Court's statements during sentencing that the court would have sentenced Del Rosario differently if he had admitted guilt.

In light of the foregoing, we conclude that the Circuit Court abused its discretion in imposing a sentence including jail time based on Del Rosario's refusal to admit guilt. Therefore we vacate Del Rosario's sentence, and remand this case for resentencing.

For the reasons discussed above, the Circuit Court's December 4, 2018 Judgment is vacated as to Del Rosario's sentence and affirmed in all other respects. This case is remanded for resentencing.

DATED: Honolulu, Hawaiʻi, March 14, 2024.

| On the briefs: | /s/ Katherine G. Leonard |
|---|---|
| | Acting Chief Judge |
| William H. Jameson, Jr., | |
| Deputy Public Defender, | /s/ Karen T. Nakasone |
| for Defendant-Appellant. | Associate Judge |
| | |
| Gerald K. Enriques, | /s/ Sonja M.P. McCullen |
| Deputy Prosecuting Attorney, | Associate Judge |
| County of Maui, | |
| for Plaintiff-Appellee. | |